**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 6, 2022**

# In the Court of Appeals of Georgia

A22A1680. SACHY et al. v. ALLEN et al.

DOYLE, Presiding Judge.

Laith Allen, as the surviving spouse of Michelle Allen (deceased), and Brittney Allen, as the surviving daughter (collectively, "the Plaintiffs"), filed this wrongful death action against Thomas H. Sachy M.D., M.S.C., P.C. d/b/a Georgia Pain and Behavioral Medicine, and Dr. Thomas H. Sachy (collectively, "Sachy"). Following the denial of their motion to dismiss, Sachy appeals, contending that the trial court erred by ruling that OCGA § 9-3-99 tolled the statute of limitation for these wrongful death claims brought by the Plaintiffs. Because OCGA § 9-3-99 tolls the statute of limitation for "cause[s] of action in tort that may be brought by the victim of an alleged crime," and the Plaintiffs were not the victims of crimes allegedly committed by Dr. Sachy, we reverse.

The Plaintiffs sued Sachy on August 30, 2021, asserting wrongful death claims and seeking damages for the full value of Michelle's life. The complaint does not assert any claims on behalf of Michelle's estate. According to the complaint, Michelle was a patient of Sachy, and from 2008 to 2016, Sachy prescribed Michelle opiates including Oxycodone and Oxycontin to treat her back pain. The complaint further alleges that on August 30, 2016, Michelle died due to "[O]xycodone toxicity in conjunction with cardiomegaly with dilation and hypertrophy." And according to the Plaintiffs, Sachy negligently rendered medical care to Michelle by grossly over-prescribing the opiates that caused her death. It is undisputed that in 2018, Sachy was accused in a federal indictment of violating federal controlled substance laws.

In September 2021, Sachy filed a timely answer and a motion to dismiss on the ground that the claims were barred by the two-year statutes of limitation applicable to medical malpractice claims[1] and wrongful death claims.[2] In response, the Plaintiffs argued that the statue of limitation was tolled by OCGA § 9-3-99, which provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime

---

[1] See OCGA § 9-3-71 (a).

[2] See OCGA § 9-3-33.

2

which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

The Plaintiffs argued that Sachy's federal indictment had not reached a final disposition, so under OCGA § 9-3-99, the statute of limitation was tolled while that proceeding remained pending.

Following a hearing, the trial court entered an order denying Sachy's motion to dismiss. The trial court held that Michelle's surviving husband and daughter could be considered victims for purposes of the tolling provision in OCGA § 9-3-99. The trial court certified its ruling for immediate review, and this Court granted Sachy's application for interlocutory appeal.

Sachy argues that the trial court erred by concluding that a wrongful death claim is a "cause of action in tort that may be brought by the victim of an alleged crime," as provided by OCGA § 9-3-99. We agree.

3

After the trial court entered its order in the present case, this Court published an opinion analyzing the same question in *Hicks v. Universal Health Services, Inc.*[3] In *Hicks*, after applying the rules of statutory construction, and in light of the ordinary meaning of the term "victim," we held that a claim brought by a surviving relative under the wrongful death statute is "not [a] 'cause[] of action in tort that may be brought by the victim of an alleged crime.'"[4] Accordingly, the language in OCGA § 9-3-99 did not toll such claims.

Having recently addressed this question in *Hicks*, we reach the same conclusion here: the trial court erred by holding that OCGA § 9-3-99 tolled the two-year statute of limitation applicable to the Plaintiffs' wrongful death claims. Similar to *Hicks*, the Plaintiffs in this case were not patients of Sachy and were not prescribed any medication, nor were they killed by the alleged over-prescription. Accordingly, the Plaintiffs' wrongful death claims, filed five years after Michelle's death, were untimely, and we reverse the trial court's judgment denying Sachy's motion to dismiss on that ground.

---

[3] 364 Ga. App. 769 (874 SE2d 877) (2022) (cert. applied for).

[4] (Punctuation omitted.) Id. at 776 (1).

*Judgment reversed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*